**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **CLIFTON C. HOYT,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-24-CV-246-KC** |
| | § | |
| **M. DELGADO, Administrator,** | § | |
| **C. IVERY, Assistant Administrator, and** | § | |
| **MR. SMITH, Operational Supervisor,** | § | |
| **Respondents.** | § | |

## MEMORANDUM OPINION AND ORDER

Clifton C. Hoyt petitions the Court to issue a writ of mandamus. Pet'r's Pet., ECF No. 1-1 at 1. His petition is denied for the following reasons.

### BACKGROUND

Hoyt is a resident at the Horizon North Multi-Use Facility in El Paso, Texas. Pet'r's Pet., ECF No. 1-1 at 1. He is completing his criminal sentence at the halfway house pursuant to an agreement between the Texas Department of Criminal Justice (TDCJ) and the private operator of the facility, CoreCivil. *Id*.

Hoyt complains that "personal items of property stored on top of locker[s] … are simply arbitrarily and conspicuously thrown into trash bags." *Id*. at 2. So, for example, his "map coloring pencils were recently taken by the staff … and … thrown into the garbage." *Id*. at 3. He further complains that "[u]suing the administrative grievance process is always to no avail." *Id*. at 6. As a result, he petitioned the Court to issue a writ of mandamus ordering facility employees to stop confiscating the residents' personal property. *Id*. at 7–8.

### STANDARD OF REVIEW

Because Hoyt is a "prisoner" pursuant to the Prison Litigation Reform Act (PLRA)

proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Jackson v. Johnson*, 475 F.3d 261, 267 (5th Cir. 2007) (explaining that because a resident of a halfway house "is 'detained in any facility' for a criminal conviction, he is a 'prisoner' as that term is defined by the PLRA."). Sections 1915(e)(2)(B) and 1915A(b) permit a *sua sponte* dismissal if a reviewing court finds a complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A writ of mandamus is 'a drastic and extraordinary remedy reserved for really extraordinary cases.' " *In re JPMorgan Chase & Co*., 916 F.3d 494, 499 (5th Cir. 2019) (quoting *In re Depuy Orthopaedics, Inc*., 870 F.3d 345, 350 (5th Cir. 2017)). It may issue only if the petitioner first demonstrates (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004).

## ANALYSIS

Hoyt complains that employees at the privately-owned Horizon North Multi-Use Facility have confiscated personal property owned by the residents as contraband. Pet'r's Pet., ECF No. 1-1. Specifically, he complains that his coloring pencils for his maps—which he kept on top of his locker—were recently taken as contraband and thrown away by the staff. *Id*. at 3. He wants

the Court to order facility employees to stop confiscating the residents' personal items. *Id*. at 8.

"[W]hen inmates are afforded the opportunity … to possess personal property, they enjoy a protected interest in that property that cannot be infringed without due process." *McCrae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983). But "[p]rison security demands require that prison officials be able to deprive inmates of property believed to be contraband without holding a pre-deprivation hearing." *McQueen v. Vance*, 68 F.3d 471 (5th Cir. 1995). Consequently, "a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a … procedural due process claim, unless the State fails to provide an adequate post-deprivation remedy." *Zinermon v. Burch*, 494 U.S. 113, 115 (1990). "In Texas, as in many other states, the tort of conversion fulfills this requirement." *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

Although Federal Rule of Civil Procedure 81(b) abolished writs of mandamus, federal courts may still "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. And federal courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Still, federal courts generally lack the "power to issue writs of mandamus" to direct state actors—or private actors fulfilling state functions—in the performance of their duties. *Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).

The Court observes that Delgado, Ivory, and Smith are private actors performing a traditional state function—and not officers or employees of the United States.

Consequently, the Court concludes Hoyt cannot meet his burden of showing (1) a clear right to the relief he has requested, (2) a clear duty by Delgado, Ivory, and Smith to provide the

relief he has requested, or (3) the lack of any other adequate remedy. Indeed, the Court concludes it is simply without the power necessary to order Delgado, Ivory, and Smith to stop taking items designated as contraband from facility residents. *Cf. Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

## CONCLUSION AND ORDERS

The Court concludes that Hoyt's petition lacks an arguable basis for relief either in law or in fact. Consequently, after due consideration, the Court enters the following orders:

**IT IS ORDERED** that Hoyt's "Request for Mandamus Relief" (ECF No. 1-1) is **DENIED** as frivolous and his case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 22nd day of July, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4